RULE 4.4
*Campaign Committees*

(A) A judicial candidate subject to public election may establish a campaign committee to manage and conduct a campaign for the candidate, including seeking, accepting, and using endorsements from any person or organization, subject to the provisions of these Conduct Rules. The candidate shall take reasonable steps to cause his or her campaign committee to comply with applicable provisions of these Conduct Rules and other applicable law.

(B) A judicial candidate subject to public election shall take reasonable steps to cause the magisterial district judge's campaign committee:

(1) to solicit and accept only such campaign contributions as are permitted by law or Rule;

(2) not to solicit or accept contributions earlier than immediately after the General Election in the year prior to the calendar year in which a person may become a candidate for such office, and all fundraising activities in connection with such judicial campaign shall terminate no later than the last calendar day of the year in which the judicial election is held; and

(3) to comply with all applicable statutory requirements for disclosure and divestiture of campaign contributions, and to file with the **[Secretary of the Commonwealth] appropriate county board of elections** a report stating the name, address, occupation, and employer of each person who has made campaign contributions to the committee in an aggregate value exceeding $250 and the name and address of each person who has made campaign contributions to the committee in an aggregate value exceeding $50. The report must be filed not later than thirty days following an election, or within such other period as is provided by law.

COMMENT:

[1] Judicial candidates are prohibited from personally soliciting campaign contributions or personally accepting campaign contributions. See Rule 4.1(A)(7).  This Rule recognizes that in Pennsylvania, judicial campaigns must raise campaign funds to support their candidates, and permits candidates, other than candidates for appointive judicial office, to establish campaign committees to solicit and accept reasonable financial contributions or in-kind contributions.

[2] Campaign committees may solicit, accept, and use campaign contributions and endorsements, and may generally conduct campaigns. Candidates are responsible for compliance with the requirements of election law and other applicable law, and for the activities of their campaign committees.

[3] At the start of a campaign, the candidate should instruct the campaign committee to solicit or accept only such contributions as are in conformity with applicable law. Although lawyers and others who might appear before a successful candidate for judicial office are

1

permitted to make campaign contributions, the candidate should instruct his or her campaign committee to be especially cautious in connection with such contributions, so they do not create grounds for disqualification or recusal if the candidate is elected to judicial office. See Rule 2.11.